# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-2058V

| | |
|---|---|
| MICHAEL P. OHLSEN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 18, 2024 |

*Samantha Travis, Ogle Worm & Travis, LLP, Kalispell, MT*, for Petitioner.

*Parisa Tabassian, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 22, 2021, Michael Ohlsen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that an influenza vaccine that he received on October 11, 2018, caused him to suffer a Table injury – Guillain-Barré syndrome. Petition at 1. On October 31, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 31.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $16,339.00 (representing $15,937.00 in fees plus $402.00 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed June 3, 2024, ECF No. 35. Furthermore, Petitioner filed a signed statement representing that he incurred no personal out-of-pocket expenses. ECF No. 35-5.

Respondent reacted to the Motion on June 10, 2024, indicating that he defers resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 37. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

Petitioner requests the following hourly rates for work performed by attorney Samantha P. Travis: $370 per hour for time billed in 2021; $380 per hour for time billed in 2022; and $390 per hour for time billed in 2023-24. Ms. Travis's proposed rates require further evaluation.

Ms. Travis was previously awarded the *lesser* rate of $290 per hour for all time billed in 2021. *See Scarbro* v. *Sec'y of Health & Hum. Servs.,* No. 17-1604V, Slip Op. 94 (Fed. Cl. Spec. Mstr. February 6, 2023). And retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs*., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rates previously awarded."). Accordingly, I find no reason to deviate from such reasoned determination, and hereby reduce Ms. Travis's rate for time billed in 2021 to be consistent with *Scarbro*. **This results in a reduction of attorney's fees in the amount of $1,712.00**.³

For work performed in subsequent years, although the requested rates fall within the Vaccine Program's published ranges for time billed in 2022-24, the proposed increases are excessive, given Ms. Travis's limited Vaccine Program experience, with this being only her fifth Program case to reach the fees stage. It would be improper for Ms. Travis to receive rates established for comparably-experienced counsel who also have lengthy experience in the Program. See *McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Thus, based on my experience applying the factors relevant to determining proper hourly rates for Vaccine Program attorneys, and relying on the established rate for Ms. Travis's 2021 time, I hereby find it reasonable to award Ms. Travis the rate of $320 per hour for work performed in 2022, and $350 per hour for work performed in the 2023-24 period, representing a more modest rate increase of $30 per year. **Application of the foregoing further reduces the amount of fees to be awarded herein by $850.00.** ⁴

---

³ This amount is calculated as: ($370 - $290 = $80 x 21.40 hrs.) = $1,712.00

⁴ This amount is calculated as: ($380 - $320 = $60 x 1.50 hrs. = $90.00) + ($390 - $350 = $40 x 19.00 hrs. = $760.00). = $850.00.

Otherwise, Petitioner has provided supporting documentation for all claimed costs. ECF No. 35-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $13,777.00 (representing $13,375.00 in fees plus $402 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Samantha P. Travis.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.